IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT MINTON and KATHRYN MINTON, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No, 09-CV-221-TCK-PJC ) |
| STATE OF OKLAHOMA, *ex rel.*, OKLAHOMA DEPARTMENT OF HUMAN SERVICES, *et al.*, | ) ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter came before the Court on Plaintiffs' Motion for Disclosure of DHS, OCCY and Law Enforcement Records [Dkt. No. 31]. A hearing was held on Oct. 13, 2009.

Plaintiffs are the parents of Joshua Minton, a minor child who died in May 2007 while in the care of Noah's Ark Daycare, a facility licensed by the State. Vicki Leigh Chiles, the operator of Noah's Ark, was charged with murder in connection with Joshua's death. She was convicted at trial in April 2007 and sentenced to life without parole. Plaintiffs have brought this action against the Department of Human Services ("DHS") and employees of DHS on various theories of liability including deprivation of civil rights under 42 U.S.C. § 1983 and negligence. Plaintiffs seek records regarding Noah's Ark and Joshua's death from various state agencies including DHS, the Oklahoma Commission on

1

Children and Youth ("OCCY"), the Office of Juvenile System Oversight ("OJSO"), the Child Death Review Board ("CDRB"), the Tulsa County District Attorney's Office ("DA") and the Tulsa Police Department ("TPD").

TPD has submitted records sought by Plaintiffs for *in camera* review by the Court and voices no objection to their production to Plaintiffs.

CDRB objects to Plaintiffs' motion on the ground that its records are confidential under state law and that as a matter of public policy, forcing CDRB to disclose documents it has received from various state agencies will impair its ability to perform the essential tasks the Legislature has assigned it by making agencies less willing to share necessary information with CDRB.

DHS has objected to producing certain documents on privilege grounds and objects to disclosure of the names of other children who attended the Noah's Ark Daycare and of individuals who complained to DHS about operations at the daycare.

OJSO objects to disclosure of other children's names in its records and the identity of an individual who complained to OJSO about the Noah's Ark Daycare.

DA does not object to producing its files on the matter and submitted them at the Oct. 13, 2009, hearing.

### *Application of State Privilege Laws in Federal Question Case*

The objecting parties all rely on state statutes which declare certain information or records in agency custody generally to be privileged from

disclosure. *E.g.,* 10A Okl. Stat. Ann § 1-6-102. That statute declares that certain records "are confidential and shall not be open to the general public or inspected or their contents disclosed." *Id.* In a case such as this, however, where jurisdiction is based on federal question, federal law of privilege governs and such state statutes do not automatically apply.[1] Where jurisdiction is based on a federal question, privilege is a question of federal common law. *E.g.*, *Powell v. Sharpsburg*, 2009 WL 863348, *4 (E.D.N.C. March 27, 2009) (State statutory privileges do not automatically apply to federal claims in federal court). Federal law does not recognize a common law privilege for testimony or information from state child care agencies. Thus, the documents are presumptively discoverable. Nevertheless, a federal court may give effect to the state privilege after conducting a balancing test to weigh the historical and policy

---

[1] Federal Rule of Evidence 501 provides:

> Except as otherwise required by the Constitution of the United States or provided by Act of Congress or in rules prescribed by the Supreme Court pursuant to statutory authority, the privilege of a witness, person, government, State, or political subdivision thereof shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience. However, in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law.

considerations underlying the state privilege against harm to the federal interest. *Id.*

Even subject to such a balancing the Court finds – with one exception – that the federal interest outweighs the state interest and the privilege should not be applied. The federal interest here is full disclosure of information relevant to a lawsuit contending, among other things, that state agencies did not adequately monitor and supervise Noah's Ark Daycare facility and that as a result Joshua Minton died. The state's interest in barring disclosure of confidential agency records pales in comparison to the federal interest here. It makes little sense to protect the confidentiality of records and information from the state agency that is the target of the lawsuit and that is accused of wrongdoing.

The Court does recognize, however, a difference with respect to the CDRB. This agency relies on cooperation from various state agencies in order to review and compile information pertaining to death and near-death situations involving children. Forcing the CDRB to become the conduit for confidential records from various state agencies could seriously impair that Board's ability to perform its job. Agencies will be less willing to provide full and un-redacted documentation contained in confidential records if they believe the CDRB will simply disclose that information upon demand. This situation can be avoided if, for example, DHS documents are secured directly from DHS, rather than from CDRB. DHS is being ordered to produce its documents directly to Plaintiffs. TPD and DA have already provided their documents. The Court, therefore,

4

finds the objections asserted by CDRB to be valid and the state's interest with respect to this Board to outweigh the federal interest in disclosure.

*Redaction*

DHS argues that the names of other children who attended the Noah's Ark Daycare should be redacted from records before production in order to protect the privacy of these children and their families.  The Court concludes that TPD and DA have already prepared documents for production without redaction.  Furthermore the names of the children DHS seeks to protect have already been disclosed in public documents and some were mentioned during Chiles' murder trial.  Thus, the privacy concerns that DHS seeks to protect has already been compromised.  The Court orders that documents be produced without names redacted, subject to an Agreed Protective Order.  All parties are cautioned about the sensitivity of many of the documents at issue.

The Court further finds that redaction of the names of persons who complained about Noah's Ark Daycare should not be redacted as these individuals may be witnesses in this case.

*Conclusion*

ACCORDINGLY, the Court Finds and Orders as follows:

The objections of CDRB are well-taken and Plaintiffs' motion is DENIED as to CDRB.

Plaintiffs' motion is GRANTED in all other respects.  TPD's and DA's documents were delivered to Plaintiffs in open Court at the Oct. 13th hearing.

Plaintiffs are to copy these documents and deliver a set of the documents to Defendants.

DHS will deliver its documents – absent those documents for which work product protection or attorney-client privilege is claimed – within 10 days of this Order. Within 10 days DHS will provide Plaintiffs a Privilege Log of the withheld documents.

OJSO's objection to disclosing the name of its complainant is OVERRULED.

IT IS SO ORDERED this 14th day of October 2009.

_____
Paul J. Cleary
United States Magistrate Judge